On September 5, 1941, the above relatrix filed a mandamus suit against the Tangipahoa Parish School Board seeking to be reinstated as a probationary teacher of home economics in the Kentwood High School. She had taught in that capacity for the two preceding school years, but received a letter from the Superintendent in May, 1941, advising her that at a recent meeting of the school board members of the first ward it was decided that her services would not be retained for another session due to the fact that the desired results had not been obtained in her department.
A judgment was signed in that proceeding on September 24, 1941, ordering and commanding the School Board to reinstate relatrix as a probationary teacher in the public schools of Tangipahoa Parish, and as such entitled to all benefits, compensations and rights and effective from the beginning of the 1941-1942 school year and until otherwise legally removed. The Superintendent wrote relatrix the day after the above judgment was signed notifying her that she was reinstated as a probationary teacher in the parish and that she was assigned to the Loranger Grammar School as a teacher of the upper elementary grades; that her teacher's certificate had been authorized by the State Department *Page 497 
making her eligible to teach upper elementary grades, and requesting her to report on the morning of September 29, 1941, to take up her duties at that grammar school, at a salary of $98 per month (which appears to be the salary she would have received as home economics teacher in the Kentwood High School).
Relatrix refused to accept the position to which she was assigned by the Superintendent, whereupon at a meeting of the School Board held on October 6, 1941, the Superintendent wrote a letter addressed to the Board advising it of what had occurred relative to the relatrix, and recommended that she be dismissed for willful neglect of duty in refusing to report for duty at said grammar school, and the Board passed a resolution on the same day dismissing her. Four days later the Superintendent wrote relatrix a letter advising her that she had been dismissed as a teacher in the public school system of Tangipahoa Parish for her willful failure to report for duty at the Loranger Grammar School as she had been requested to do by the Superintendent in his letter of September 25th. The day following the date of the letter to her notifying her of her dismissal, she filed a contempt proceeding against the School Board for failure to comply with the judgment of court ordering her reinstated as a probationary teacher with the benefits, compensations and rights as a teacher of home economics in a high school, alleging that the sole purpose in offering her a position as teacher in a grammar school was to demote and remove her contrary to the Teachers' Tenure Law.
The School Board answered the rule for contempt and alleged that it had complied with the judgment of the court by offering relatrix a position as teacher in the Loranger Grammar School, the only available vacancy, at no reduction in salary; that she was not entitled to be reinstated as a home economics teacher in a high school under the judgment, and that the Board acted in good faith in an effort to comply with the judgment. While the minutes do not disclose what disposition was made of the rule for contempt, there is in the record what purports to be an unsigned copy of a ruling by the court dismissing the rule for contempt. Relatrix filed a motion for a rehearing of the rule on January 3, 1942, and the minutes show that the application for a rehearing was taken under advisement on February 9th, but, so far as the record shows, has never been acted on.
On August 31, 1942, relatrix filed another petition in the same suit setting up the previous proceedings and alleging that she had taught in the Kentwood High School for two years as a home economics teacher; that the judgment had ordered her reinstated as a probationary teacher in September, 1941, with her same status; that she had never been legally discharged, and therefore she had completed her three years as a probationary teacher at the end of the 1941-1942 session. She asked to be recognized as a permanent teacher in the parish, and reinstated as home economics teacher in the Kentwood High School for the 1942-1943 session at a salary of $106 per month, and ordering the School Board to pay her salary from month to month during the school term and continuously thereafter until legally removed; in the alternative, and in case the court should find that she is not entitled to be reinstated as a permanent teacher of home economics in the Kentwood High School, she asked that she be reinstated as such teacher in some other high school of the parish. She reserved all of her rights in her former suit to be reinstated and to recover her salary as a probationary teacher for the 1941-1942 session, which proceeding was still pending.
A judgment was rendered in this last proceeding on October 30, 1942, ordering the School Board to reinstate relatrix as a permanent teacher of home economics in the Kentwood High School for the session of 1942-1943 and permanently thereafter at the monthly salary of $106, the judgment to be without prejudice to her rights to secure the relief asked for in her previous proceeding relative to the 1941-1942 session. The School Board appealed from this judgment and the correctness, vel non, of this judgment is the matter before us.
The defense to this last proceeding is that the School Board complied with the former judgment ordering it to reinstate relatrix as a probationary teacher in the parish by offering her a position in the Loranger Grammar School at no reduction in salary; that she was properly discharged for refusing to accept this position, and the Board was found not guilty of contempt in failing to comply with the judgment; that relatrix cannot in this subsequent proceeding inject a prayer for relief different from *Page 498 
that which she asked for and was granted in the former proceeding.
The respondent board concedes that relatrix was illegally discharged after she had served two years as a home economics teacher in the Kentwood High School, but contends that the judgment rendered in September, 1941, only required it to reinstate relatrix as a probationary teacher in the schools of the parish, which order it complied with by offering her a position in the Grammar School at Loranger. The record shows that at the time of her first discharge, relatrix occupied the status and held a certificate as a teacher of home economics in a high school. When an effort was made to assign her to the elementary school at Loranger, the Superintendent had her certificate changed so as to make her eligible to teach in the elementary grades. Obviously, the position offered her was not the same grade and status as relatrix held previous to her attempted discharge, and under our ruling in the case of State ex rel. Bass v. Vernon Parish School Board, La.App., 194 So. 74, and the ruling of the Supreme Court in the recent case of State ex rel. Nobles v. Bienville Parish School Board, 198 La. 688,4 So.2d 649, she could not be compelled to accept a demotion in status, and the attempt to force her to accept this position as teacher in a grammar school was not a compliance with the judgment rendered in her favor.
It follows that she had a right to refuse to accept the position, and the action of the Superintendent and the School Board on October 6, 1941, in attempting to dismiss her was without any effect whatever. She retained and continued her status as a probationary teacher for the 1941-1942 session and at the end of that session completed her probationary term and became a permanent teacher and was such at the time she filed the present proceeding. The fact that the trial judge dismissed a rule for contempt for the reason that he found that the School Board made a bona fide effort to comply with his former judgment, could not have the effect of precluding relatrix from insisting on her legal rights in the present proceeding. The fact remains that she has never been legally discharged and cannot be deprived of her status by the illegal acts of the respondent Board.
Relatrix has asked as alternative relief in case she is not ordered reinstated as home economics teacher in the Kentwood High School, that she be reinstated as home economics teacher in some approved high school of Tangipahoa Parish. We are impelled to follow our ruling in the case of State ex rel. Bass v. Vernon Parish School Board, supra, and that in the recent case of State ex rel. Broyles v. Tangipahoa Parish School Board, La.App.6 So.2d 696, and grant the alternative relief, by amending the judgment so as to order relatrix reinstated as a permanent home economics teacher in an approved high school of Tangipahoa Parish.
For the reasons assigned, it is ordered that the judgment appealed from be amended so as to order relatrix recognized and reinstated as a permanent home economics teacher in an approved high school of Tangipahoa Parish, and as thus amended, the judgment is hereby affirmed.