O’NIELL, Chief Justice.
 

 The question in this case is whether the relatrix, who was employed as a teacher of home economics in the Kentwood High School, in Tangipahoa Parish, and who was dismissed by the school board, and was ordered reinstated by a judgment of the district court, is entitled to be reinstated as a permanent teacher of home economics in the Kentwood High School, or is entitled merely, to be reinstated. a.s a permanent teacher of home economics in any high school to which the school -board may see fit to assign her without reduction of salary. The case is governed by the Teachers’ Tenure Law, Act 58 of 1936.
 

 In this mandamus suit • brought by Mrs. Hamberlin the district court ordered the school board to reinstate her as'® permanent teacher of home economics in'the Kent-wood High School at a monthly .salary not less than that which she was receiving at the time when she was discharged. It was adjudged that the salary should begin with the
 
 1942-1943
 
 school term and continue permanently- — perhaps meaning indefinitely —thereafter. It was declared also in the judgment that, it was rendered without prejudice to Mrs. Hamberlin’s right to claim her salary for the regular school term of 1941-1942. The school board appealed to the court of appeal, and that court observed that Mrs. Hamberlin had asked, as alternative relief, that if she should not be ordered reinstated in the Kentwood High School she should be reinstated as permanent teacher of home economics in some approved high school in the parish. And the court granted the alternative relief, and therefore amended the judgment of the district court by ordering Mrs. Hamberlin reinstated as a permanent teacher of home economics in an approved high school of the parish of Tangipahoa. The court declared that it was impelled so to amend the judgment by its previous ruling in State ex rel. Bass v. Vernon Parish School Board, La.App., 194 So. 74, and in State ex rel. Broyles v. Tangipahoa Parish School Board, La.App., 6 So.2d 696. The opinion rendered by the court of appeal in this case is reported in 12 So.2d 496.
 

 Each of the parties to the suit applied to this court for writs’ of certiorari'.and review. Mrs. Hamberlin complained of that part of the judgment of the.court of appeal which amended the judgment -of the -district court by ordering the school’board. to
 
 *37
 
 reinstate her in “an approved high school”, instead of ordering the school board to reinstate her in the Kentwood High School, as the district court had ordered. The school board, in its petition for writs of certiorari and review, complained that Mrs. Hamberlin was not entitled to be reinstated as a permanent teacher of home economics in any high school in Tangipahoa Parish. This court rejected the petition of the school board and granted the petition of Mrs. Hamberlin, for writs of certiorari and review. The rejection of the petition of the school board foreclosed the question whether Mrs. Hamberlin was entitled to reinstatement as a permanent teacher of home economics in a high school in Tangipahoa Parish; and the granting of her petition brought up to this court for review the question whether she is entitled to reinstatement as a permanent teacher of home economics in the Kentwood High School, or is entitled merely to reinstatement as a permanent teacher of home economics in any approved high school to which- the school board may see fit to assign her in the parish of Tangipahoa.
 

 When we rejected the petition of the school board and granted the petition of Mrs. Hamberlin for writs of certiorari and review it became obvious that our only alternative was either to .affirm the judgment of the district court, ordering Mrs. Hamberlin reinstated in the Kentwood High School, or to affirm the judgment of the court of appeal, ordering her reinstated in any approved high school to which the school board should see fit to assign her in the parish of Tangipahoa. Hence the school board undertook to comply with the judgment of the district court by offering to reinstate Mrs. Hamberlin as a teacher of home economics in the Kent-wood High School. She was so informed by two letters sent to her by registered mail by the parish school superintendent before the beginning of the school term of 1943-1944. Copies of these letters are attached to a motion filed by the school board to dismiss this proceeding on the ground that the only question remaining at issue became a moot question by the school board's offer to satisfy the judgment of the district court. One of these letters written by the school superintendent to-Mrs. Hamberlin, was dated July 29, 1943, and notified her that she had been selected as a teacher of home economics and would be assigned to the Kentwood Pligh School, which would open on August 30th. She Was asked to notify the superintendent before August 15th whether she would accept the assignment. The other letter- was dated August 23 — a week before the beginning of the school term — and advised Mrs. Hamberlin that the superintendent had informed her attorney by letter dated August 18 that the school board “was willing and ready to comply 100%” with the judgment of the district court, dated October 30, 1942. In the copy of the letter annexed to the motion filed in this court the date of the judgment is given as October 30, 1943, but the error is obvious because the date of the original judgment in the record is October 30, 1942, and the letter in which the date is stated erroneously is dated August 23, 1943. In the letter
 
 *39
 
 dated August 23, 1943, the superintendent informed Mrs. Hamberlin that her attorney, in a letter to the superintendent dated August 19, 1943, had intimated that he had forwarded to Mrs. Hamberlin the letter written by the superintendent to the attorney for Mrs. Hamberlin on August 18, 1943. In the letter written by the school superintendent to Mrs. Hamberlin dated August 23, 1943, it was stated that the school board was issuing its check on that day for her 1942-1943 salary and was mailing the check to her attorney. In the same letter she was reminded that she had received notice already of her “reinstatement and assignment to the faculty of the Kent-wood High School as a teacher of home economics”, and that she had been notified to report for work at the beginning of the school term. It was stated in the same letter to Mrs. Hamberlin, that the school board, in reinstating her and paying her salary for the 1942-1943 term, had complied fully with the order of the court, and that it was necessary that the school board should know whether she would report for work at the beginning of the school term, August 31, 1943, because if she would not report for duty the superintendent would be obliged to recommend to the school board her dismissal for willful neglect of duty by failing to report for work. The superintendent ended his letter to Mrs. Hamberlin by saying that he was trusting that she would notify him immediately by her intention.
 

 Mrs. Hamberlin filed in this court an opposition to the school board’s motion to dismiss this proceeding, and in her opposition she admitted that she did not report for duty as teacher of home economics in the Kentwood High School at the beginning of the 1942-1943 school term, or at any time thereafter, and that her reasons therefor were the following: (1) That she was entitled to her salary not only for the period of two years but until legally reinstated in her former position; (2) that the school superintendent had no authority in law to reinstate a teacher, the authority being conferred by law upon the school board; (3) that the attempted reinstatement of Mrs. Hamberlin was not as a permanent teacher, and was made in bad faith, as shown by the subsequent action of the school board in dismissing her for her failure to accept the reinstatement as offered
 
 to
 
 her; and (4) that the payment of the money judgment by the school board was not a payment in full and did not include legal interest or the costs of court. It is contended finally, in Mrs. Hamberlin’s opposition to the school board’s motion to dismiss this proceeding, that she is entitled to have this court set aside the judgment of the court of appeal and affirm the judgment of the district court, and thereby fix her status as a permanent teacher of home economics in the Kentwood High School. It is alleged in the opposition that the school board, after attempting to reinstate Mrs. Hamberlin, attempted to dismiss her for neglect of duty; and, as evidence thereof, Mrs. Hamberlin has annexed to her opposition an original letter received by her from the school superintendent, dated October 8, 1943, enclosing a copy of a letter which he had written to the school
 
 *41
 
 board on October
 
 7,
 
 1943, and a copy of a resolution adopted by the school board on that date. In the letter of the superintendent to the school board he reviewed the facts concerning Mrs. Hamberlin’s being offered reinstatement as teacher of home economics in the Kentwood High School, and stated that she had willfully absented herself from her assignment; hence the superintendent recommended that a hearing should be had by the school board on January 4, 1944, to determine whether she should be dismissed for neglect of duty. The school board met on October
 
 7,
 
 1943, and adopted a resolution — a copy of which is made part of Mrs. Hamberlin’s opposition to the motion to dismiss this proceeding — ordering a hearing on the charge made by the superintendent, and directing him to furnish Mrs. Hamberlin with a copy of the charge and to notify her that the hearing would be had at 10 a. m. on Tuesday, January 4, 1944, in the office of the school board in Amite, Louisiana. It is admitted in Mrs. Hamberlin’s opposition to the motion to dismiss this proceeding that the result of the hearing had in the office of the school board on January 4, 1944, was that she was dismissed for having failed to report for duty as teacher of home economics in the Kent-wood High School.
 

 In the motion of the school board to dismiss this proceeding on the ground that the judgment of the district court has been complied with, the school board makes the alternative request that if the court deems it necessary the case should be remanded to the district court to enable the school board to substantiate its allegation that the judgment of the district court has been fully satisfied. As this court has no original jurisdiction in this case we cannot receive as evidence the documents annexed to the motion of the school board to dismiss this proceeding, or the documents annexed to Mrs. Hamberlin’s opposition to the motion. It is sufficient for the court that the school board has judicially acknowledged its acquiescence in the judgment of the district court, and that both parties to the suit judicially acknowledge that the school board has made what it contends was a complete satisfaction of the judgment. For that reason we shall affirm the judgment of the district court, as of the date on which it was signed, October 30, 1943. Our affirming the judgment will not prevent the school board from showing, as far as it may be able to show, if Mrs. Hamberlin demands further satisfaction of the judgment, that the school board has complied with the judgment completely or has attempted in good faith to comply with it. If in fact the school board has attempted in good faith to satisfy the judgment of the district court, and if Mrs. Hamberlin is refusing, without just cause, to resume her position as teacher of home economics in the Kentwood High School, the school board should not be compelled .to continue to pay her a salary for which she is rendering no service.
 

 Our setting aside the judgment of the court of appeal and affirming the judgment of the district court, ordering Mrs. Hamberlin reinstated in her former position as a permanent teacher of home eco
 
 *43
 
 nomics in the Kentwood High School, instead of ordering her reinstated merely to her status as a permenant teacher of home economics in a high school in the parish of Tangipahoa, is not to be regarded as establishing a precedent, because our reason for affirming the judgment of the district court in that respect is that the school board judicially acknowledges that it has acquiesced in the judgment.
 

 Mrs. Hamberlin contends that the court of appeal was wrong in following its ruling in State ex rel. Bass v. Vernon Parish School Board, La.App., 194 So. 74, and in State ex rel. Broyles v. Tangipahoa Parish School Board, La.App., 6 So.2d 696. She contends that those decisions are not consistent with the decision rendered by this court in State ex rel. Nobles v. Bienville Parish School Board, 198 La. 688, 4 So. 2d 649, and that the latter decision should govern. It is argued that that decision is authority for the proposition that, if a teacher having the status of principal of a high school, under the provisions of the Teachers’ Tenure Act, Act 58 of 1936, is dismissed by the school board without compliance with the provisions of the act, the teacher has the right to be reinstated not merely in his or her status as a permanent teacher in a high school but in the identical position which he or she occupied in the same high school at the time of his or her being dismissed. It is true that the relator, Nobles, in the case referred to, was ordered reinstated in his status as principal of the same high school of which he was principal at the time when he was dismissed. But it is doubtful that the issue in that case was whether Nobles should be reinstated as principal of the same high school or should be merely restored to his status as a principal of a high school in the public school system of the parish. In the' opinion rendered on rehearing in that case the court intimated that the question whether Nobles was entitled to be restored to his position as principal of the Gibsland High School, or was entitled merely to have his status as principal of a high school restored to him, was not an issue in the case,- — particularly as the school term for which Nobles sought reinstatement had expired.
 

 In State ex rel. Bass v. Vernon Parish School Board, and again in State ex rel. Broyles v. Tangipahoa Parish School Board, the question whether the discharged teacher was entitled to be restored to his identical position, or was entitled merely to be restored to his status as a permanent teacher of the same grade which he held at the time of his dismissal, was squarely presented; and in the latter case the court of appeal, affirming its decision in the previous case, answered the question thus:
 

 “It is conceded that there are only two questions presented and urged on this appeal, viz.: (1) Whether or not relator is entitled to be reinstated as a teacher in the Kentwood High School, or whether he can be required to accept employment in any other school of the parish at the same salary; (2) whether or not the salary which he is receiving for his teaching in St. Charles Parish can be deducted from his salary as fixed in Tangipahoa Parish for the current school session.
 

 
 *45
 
 “The first question is fully answered by our holding in the case of State ex rel. Bass v. Vernon Parish School Board, La.App., 194 So. 74, wherein we held that relator Bass was entitled to be reinstated as a permanent teacher in one of the approved high schools of the parish in accordance with his grade, certificate, status and salary, as his position was at the time of his discharge. In accordance with that decision, we now hold that relator in this case is only entitled to be reinstated as a permanent teacher in any approved high school of the Parish of Tangipahoa at the salary of'$101 per month, which salary is in accordance with his grade, certificate and status; he is therefore not entitled to require the respondent to reinstate him in the particular position that he held at the Kent-wood High School.”
 

 In. State ex rel. Bass v. Vernon Parish School Board this court refused to grant a writ of certiorari or review on the ground that the judgment of the court of appeal was correct; and in the case of State ex rel. Broyles v. Tangipahoa Parish School Board we refused to grant a writ of. certiorari or review on the ground that We found no error of law in the judgment complained of The application for writs of certiorari and review in the Broyles cáse was, denied on May 25, 1942, which was. more than six months after the court bad, refused a rehearing in State ex rel. Nobles v. Bienville Parish School Board. But,” inasmuch as the applications ’for cer7 tiorari’ and review in the Bass case and in the Broyles’case were made by the school board, -and’notby the relator-in either case, the refusal of the writs should not be regarded as rulings by this court on the question whether the discharged teacher was entitled to reinstatement in bis former position in the same school or was entitled merely to restoration of his status as a permanent teacher in the school system of the parish. On that question we express no opinion in the present íase, but rest our decree solely on the judicial acknowledgment of the school board that it has acquiesced in the judgment of the district court.
 

 The judgment of the court of appeal is set aside and the judgment of the district court is reinstated and affirmed, without prejudice to the right of the school board to show if it can show hereafter that it has satisfied or attempted in good faith to satisfy the judgment of the district court.
 

 PONDER, J., recused.