ROGERS, Justice.
 

 On September 5, 1941, Mrs. Dorothy Hamberlin brought a mandamus suit against the Tangipahoa Parish School Board to be reinstated as a probationary teacher of- home economics in Kentwood High School. She taught in that capacity
 
 *488
 
 for the two preceding school years, but in May, 1941, received a letter from the superintendent advising her that at a recent meeting of the school board it was decided not to retain her services for another session due to the fact that the desired results had not been obtained in her department.
 

 On September 24, 1941, the district court ordered the school board to reinstate Mrs. Hamberlin as a probationary teacher in the public schools of the parish, effective from the beginning of the
 
 1941-1942
 
 school term. The day after the judgment was signed, the superintendent notified Mrs. Hamberlin by letter that she was reinstated as a probationary .teacher in the parish and that she was assigned to the Loranger Grammar School as a teacher of the upper elementary grades at a salary equal to that she would receive as a home economics teacher in the Kentwood High School. In this letter Mrs. Hamberlin was notified to report on the morning of September 29, 1941, to take up her duties at the grammar school. She refused to accept the position to which she was assigned by the superintendent who, at the meeting of the school board held on October 6, 1941, presented
 
 a
 
 letter advising the board of what had •occurred and recommending that Mrs. Hamberlin be dismissed for wilful neglect •of duty in refusing to report, whereupon the board, acting upon the recommendation, adopted a resolution dismissing Mrs. Hamberlin as a teacher in the public school system of the parish. Four days later the superintendent by letter informed her of her dismissal. The following day Mrs. Hamberlin filed a contempt proceeding against the school board for failing to comply with the judgment ordering her reinstated as a probationary teacher, alleging that the sole purpose in offering her a position in a grammar school was to demote and remove her, contrary to the Teachers’ Tenure Law. Act No. 58 of 1936. The school board answered the rule for contempt alleging substantially that it had complied with the judgment of the district court. The rule apparently was dismissed, but an application for a rehearing was taken under advisement and, so far as the record shows, was never acted upon.
 

 On August 31, 1942, Mrs. Hamberlin filed another petition in the same suit setting up the previous proceedings, alleging that she had never been legally discharged and that she had completed her three years as a probationary teacher at the end of the 1941-1942 session. She asked that she be reinstated as a permanent teacher in the parish and reinstated as home economics teacher in the Kentwood High School for the 1942-1943 session at a salary of $106 per month and that the school board be ordered to pay her salary from month to month and continuously thereafter until removed. In the alternative, she asked if she be not reinstated in the Kentwood High School that she be reinstated in some other high school in the parish. She reserved
 
 *490
 
 all her rights to be reinstated and to recover her salary as a probationary teacher for the 1941-1942 session, which proceeding was still pending.
 

 On October 30, 1942, a judgment was rendered in this last proceeding ordering the school board to reinstate Mrs. Hamberlin as a permanent teacher of home economics in the Kentwood High School for the session 1942-1943 at a monthly salary ■of $106, without prejudice to her rights to secure the relief asked for in her previous proceeding relative to the 1941-1942 ses.sion. The school board appealed from this judgment to the Court of Appeal, which ■court granted the alternative relief and thereupon amended the judgment by ordering Mrs. Hamberlin reinstated as a permanent teacher of home economics in an ap■proved high school of the Parish of Tangipahoa. Each of the parties applied to this Court for writs of certiorari. The Court rejected the petition of the school board but .■granted the petition of Mrs. Hamberlin.
 

 Rejection of the petition of the school board foreclosed the question whether Mrs. Hamberlin was entitled to be reinstated as a permanent teacher of home economics in a high school of Tangipahoa Parish and the granting of her petition 'brought up the question of whether she was -entitled to reinstatement as a permanent teacher of home economics in the Kent-•wood High School or merely as such teach•er in any approved high school to which tthe board might see fit to assign her.
 

 While the case was pending in this Court, the school board undertook to comply with the judgment of the district court by offering to reinstate Mrs. Hamberlin as a teacher of home economics in the Kent-wood High School. She was advised to this effect by two letters sent her by registered mail by the superintendent ordering her to report for duty at the opening of the following session, August 31, 1943. Mrs. Hamberlin failed to report for duty and the school board then filed a motion to dismiss the proceeding in this Court on the ground that it had complied with the judgment of the district court. Mrs; .Hamberlin filed an opposition to the motion to dismiss, admitting that she did not report for duty at the beginning of the 1942-1943 school term or at any term thereafter on the grounds that: (1) She was entitled to her salary not only for two years, but until she was legally reinstated in her former position; (2) that the superintendent had no authority to reinstate a teacher, the authority being conferred by law upon the school board; (3) that the attempted reinstatement was not as a permanent teacher, and was made in bad faith as shown by the subsequent action of the school board in dismissing her for failing to accept the reinstatement; (4) that the payment of the money judgment by the school board was not a payment in full and did not include interest and costs of court. Mrs. Hamberlin annexed to her opposition the original letter received from the school superintendent, dated October 8, 1943, enclosing
 
 *492
 
 a copy of a letter which he had written to the school board on October
 
 7,
 
 1943, and a copy of the resolution adopted by the school board on that date. At a hearing on January 4, 1944, Mrs. Hamberlin was dismissed for failing to report for duty as a teacher of home economics in Kentwood High School.
 

 In passing upon the motion and opposition, this Court said:
 
 “It is
 
 sufficient for the court that the school board has judicially acknowledged its acquiescence in the judgment of the district court, and that both parties to the suit judicially acknowledge that the school board has'made what it contends was a complete satisfaction of the judgment. For that reason we shall affirm the judgment of the district court, as of the date on which it was signed, October 30, 1943. Our affirming the judgment will not prevent the school board from showing, as far as it may be able to show, if Mrs. Hamberlin demands further satisfaction of the judgment, that the school board has complied with the judgment completely or has attempted in good faith to comply with it. If in fact the school board has attempted in good faith to satisfy the judgment of the district court, and if Mrs. Hamberlin is refusing, without just cause, to resume her position as teacher of home economics in the Kentwood High School, the school board should not 'be compelled to continue to pay her a salary for which she is rendering no service.” This Court set aside the judgment of the Court of Appeal and reinstated the judgment of the district court without prejudice to the right of the school board to show if it could that it has satisfied or attempted in good faith to satisfy the judgment of the district court. Hamberlin v. School Board, 205 La. 34, 16 So.2d 897, 899. It appears that, in accordance with the judgment originally rendered, the school board paid Mrs. Hamberlin her salary for the 1942-1943 term but refused to pay interest thereon and the court costs. With the exception of one month, the school board also refused to pay Mrs. Hamberlin any salary for the 1941-1942 term.
 

 In this proceeding Mrs. Hamberlin sued the school board for her salary for the term of 1941-1942 — nine months at $101 per month, plus a $45 bonus, or $954; interest on the 1942-1943 school salary at fiv.e per cent, or $47.70; salary for 1943-1944 — nine months at $125 per month, or $1,325; costs in the district court and in the Supreme Court being district court docket No. 10,237 and Supreme Court docket No. 37,144, amounting to $67.63.
 

 The district court rendered judgment in plaintiff’s favor for eight months salary at $98 per month, or $784, being for eight months of the 1941-1942 term, at $98 per month, salary for the first month having been paid following the judgment of the district court originally rendered. The other items claimed by Mrs. Hamberlin were not allowed. The school board appealed, and Mrs. Hamberlin answered the
 
 *494
 
 appeal asking for an amendment of the judgment. She also filed pleas of estoppel and res adjudicata in this Court.
 

 The school hoard contends that the judgment of the district court awarding Mrs. Hamberlin $784 for eight months salary for the 1941-1942 term is erroneous, because she rendered no services during that period, notwithstanding the board offered to comply with the judgment rendered by the district court on September 24, 1941. We find no merit in the contention. Although the judgment of the district court, dated September 24, 1941, decreed that Mrs. Hamberlin had been illegally removed by the school board as a probationary teacher of home economics in the Kent-wood. school, the judgment did not order her reinstated in that position. It merely ordered her reinstated as a probationary teacher in the public schools of the parish. The judgment also decreed that Mrs. Hamberlin was entitled to all benefits, compensations and rights effective from the beginning of the 1941-1942 school year until otherwise legally removed.
 

 In the subsequent proceeding instituted by Mrs. Hamberlin in the same suit, in which the previous proceeding was set up, the district court rendered judgment on October 30, 1942, ordering the school board to reinstate Mrs. Hamberlin as a permanent teacher of economics in the Kentwood High School for the session of 1942-1943, without prejudice to her right to secure the relief asked for in her previous proceeding relative to the 1941-1942 session. This judgment, on appeal to the Court of Appeal for the First Circuit, was amended and affirmed. On a writ of review this Court set aside the judgment of the Court of-Appeal and reinstated and affirmed the judgment of the district court without prejudice to the right of the school board to show, if it could, that it had satisfied, or attempted in good faith to satisfy, the judgment of the district court.
 

 It will appear, therefore, from these various proceedings and judgments that the action of the school board, taken in-March, 1941, discharging Mrs. Hamberlin from the public school system of Tangipahoa Parish, was illegal and that she was entitled to her salary from March 22, 1941, the date of her discharge, until paid. Hence, we find no error in the judgment awarding her the salary for the 1941-1942 term, less the salary for the first month of the term which was paid her.
 

 In her answer to the appeal of the school board, Mrs. Hamberlin makes no claim for the bonus of $45 which, in her petition, she alleged was due her and which'was not allowed by the district court. Hence, the question of her right to the bonus, if any she had, has passed out of the case.
 

 Mrs. Hamberlin complains in her answer to the appeal that the amount awarded her by the judgment of the district court should be increased by awarding her $1,325 as salary for the 1943-1944 school term;
 
 *496
 
 $47.70, as interest on the amount she received for salary for the 1942-1943 school term, and $67.63, as costs of the district court and the Supreme Court in the previous proceeding.
 

 We find no merit in Mrs. Hambcrlin’s complaints. She is clearly not entitled to any salary for the 1943-1944 school term. As shown by the opinion of this Court in the case of State ex rel. Mrs. Hamberlin v. Tangipahoa Parish School Board, 205 La. 34, 16 So.2d 897, 899, when we rejected the petition of the school board and granted the petition of Mrs. Hamberlin for writs of certiorari and review, the school board undertook, apparently in good faith, to reinstate Mrs. Hamberlin as a teacher of home economics in the Kent-wood High School. She was so informed by two registered letters sent to her by the parish school superintendent before the beginning of the school term of 1943-1944. In the second letter of the school superintendent, dated August 23, 1943, it was stated that the school board was issuing its check for the 1942-1943 salary and was mailing the check to her attorney. In the same letter Mrs. Hamberlin was reminded of the fact that she had received notice of her “reinstatement and assignment to the faculty of the Kentwood High School as a teacher of home economics,” and that she had been notified to report for work at the beginning of the school term. It was stated in the same letter that the school board, in reinstating Mrs. Hamberlin and paying her salary for the 1942-1943 term,, had complied fully with the order of the-Court and it was necessary that the school board should know whether she would report for work at the beginning of the school, term on August 31, 1943, because if she-would not report for duty, the superintendent would be obliged to recommend to-the school board that she be dismissed for wilful neglect of duty for failing to report for work. The superintendent ended his letter to Mrs. Hamberlin saying that he trusted she would immediately notify him of her intention. Mrs. Hamberlin .did not,, as she was requested to do, report for duty as a teacher of home economics in the Kentwood High School or at any time thereafter. On October 7, 1943, the superintendent of schools addressed a letter to the school board in which he reviewed the facts relative to the offer to reinstate Mrs. Hamberlin as a teacher of home economics in the Kentwood High School and stated that she had wilfully absented herself from her assignment. The superintendent, therefore, recommended that the-school board have a hearing on January 4, 1944, for the purpose of determining; whether Mrs. Hamberlin should be dismissed for neglect of duty. The school board met on October 7, 1943, and adopted, a resolution ordering a hearing on the-charge made by the superintendent and directing him to furnish Mrs. Hamberlin with a copy thereof and to notify her that a hearing thereon would be had at ten.
 
 *498
 
 o’clock a. m. on Tuesday, January 4, 1944, •at the office of the school board in Amite, Louisiana. On October 8, 1943, the superintendent of schools sent Mrs. Hamber.lin a letter, enclosing a copy of his letter of October 7, 1943, which he had sent to the school board, and a copy of the resolution adopted by the board on the same ■day. Neither Mrs. Hamberlin nor her attorney was present at the hearing held by the school board on January 4, 1944, but Mrs. Hamberlin presented a petition protesting against the hearing.
 

 In her petition, which was dated January 3, 1944, Mrs. Hamberlin objected to the proposed hearing, on the ground that it would be premature for the reason that she had not been legally reinstated in her position as ordered by the judgment of the district court and that the judgment would not become final until it was passed upon by the Supreme Court.
 

 The position taken by Mrs. Hamberjin in her opposition to the proposed hearing was not sound. This is shown by the decision of this Court when the case was before us on the previous appeal. In considering the motion of the school board to dismiss the proceeding on the ground that it presented only a moot question and the opposition filed thereto by Mrs. Hamberlin, in which she contended she was entitled to have this Court set aside the judgment of the Court of Appeal, and affirm the judgment of the district court and thereby fix her status as a teacher of home economics in the Kentwood High School, this Court ruled as follows: “It is sufficient for the court that the school board has judicially acknowledged its acquiescence in the judgment of the district court, and that both parties to the suit judicially acknowledged that the school board has made what it contends was a complete satisfaction of the judgment. For that reason we shall affirm the judgment of the district court, as of the date on which it was signed, October 30, 1943.”
 

 As shown by the minutes of the meeting of the school board, held on January 4, 1944, after noting the absence of Mrs. Hamberlin and the filing vof her protest, the hearing was had, and on the testimony of the superintendent and the president of the school board, Mrs. Hamberlin was dismissed for having failed to report for duty as a teacher of home economics- in the Kentwood High School. Under date of January 10, 1944, the superintendent wrote Mrs. Hamberlin advising her that the hearing had been held and that neither she nor the attorney was present and that the members of the school board had voted to sustain the charge filed by the superintendent and ordered that she be dismissed for wilful neglect- of duty.
 

 It appears that for some months prior to the hearing of January 4, 1944, Mrs. Hamberlin was living in Florida with her husband who was in the United States Army and was stationed in Florida. It also appears that she desired to secure a
 
 *500
 
 leave of absence for one year in order- that she might remain in Florida with her husband. It further appears that she remained with her husband in Florida and did not, as she was requested to do, return to her duties as a teacher of home economics in the Kentwood High School. In these circumstances the parish superintendent was fully warranted in charging Mrs. Hamberlin with neglect of duty and the school board was justified in dismissing her as a teacher in the public school system of the parish. Necessarily, from that time on she is not entitled to receive any compensation from the school board.
 

 The reasons urged by Mrs. Hamberlin for not returning to her duties as a teacher in the Kentwood High ' School for the school term 1942-1943 are not sound. One of the reasons assigned by her for not resuming her duties is that her salary had not been paid. But her salary had been paid for the 1942-1943 school session and for the first month of the 1941-1942 session. Another reason assigned by Mrs. Hamberlin for not returning to her duties is that the school board has not, by formal resolution, reinstated her as a teacher of home economics in the Kent-wood High School. But Mrs. Hamberlin was never legally discharged as a teacher in the Kentwood High School until she was discharged by the resolution of the school board, adopted on January 4, 1944. After the district court and the Court of Appeal had so held, and this Court had refused the request of the school board to review the decision of the Court of Appeal, Mrs. Hamberlin was notified by the parish superintendent, who is now deceased, that she had been reinstated, and she was ordered to report for duty at the Kentwood High School on August 21, 1943. This was a sufficient notice that she had been restored to her former position, and this Court so held, as we have hereinabove pointed out. But Mrs. Hamberlin failed to comply with the notice, obviously preferring to remain with her husband in the State of Florida.
 

 We find no basis for allowing the claim of Mrs. Hamberlin for $47.70 as-interest from September 1, 1942, to August 23, 1943, on $954, the amount of her salary for the year 1942-1943. As plaintiff’s petition did not contain any prayer for such interest, nor any allegation claiming it, if for no other reason, interest can not be allowed. Code Prac. art. 553. Nor do we find any basis for allowing the claim of Mrs. Hamberlin for $67.63 expended by her for court costs in the district court and in this Court. Under Act No. 135 of 1936,. the school board can not be condemned topáy court costs in any judicial proceeding except stenographer costs for taking testimony. Makofsky v. Department of Highways, 205 La. 1029, 18 So.2d 605. As no stenographer costs are included in the amount claimed by Mrs. Hamberlin,. she is clearly not entitled to a judgment on this item.'
 

 
 *502
 
 In this Court Mrs. Hamberlin filed a plea ■of estoppel and res adjudicata to the defenses raised by the school board, on the ground that those defenses had been disposed of on the previous appeal to this Court. We do not find it necessary .to specially discuss those pleas since‘the issues raised by them have been disposed of '.by us in our general discussion of the case.
 

 For the reasons assigned, the judgment •appealed from is affirmed.
 

 PONDER, J., recused.