CHEHARDY, Judge.
This appeal originates in the Twenty-Fourth Judicial District Court, Division “G”, wherein the trial court judge rendered judgment granting defendant’s motion for summary judgment. We remand for reasons expressed herein.
Plaintiffs, Doak Wattigney and Janis Mickles, who are certified teachers of exceptional children, are employed by defendant Jefferson Parish School Board. As “special education teachers,” plaintiff’s salaries are controlled by statutes, pertinent here in LSA-R.S. 17:427. When originally added by Acts 1960, No. 275 § 1 LSA-R.S. 17:427 reads as follows:
“Teachers of exceptional children who are employed in the public schools of this state and who are certified under the latest requirements as set forth by the state department of education or the state board of education as teachers of exceptional children shall be paid an *1319 amount equal to their base pay plus ten percent of this base pay.”
The 1977 Legislature, by Acts 1977, No. 607 § 1, amended LSA-R.S. 17:427. The mandatory fiat that school boards pay the ten percent supplement was removed, making such payment discretionary. However, the statute, as amended, protected those teachers already receiving the ten percent supplement by ordering that they would receive no reduction in pay. The statute, as amended, reads as follows:
“Teachers of exceptional children who are employed in the public schools of this state and who are certified under the latest requirements as set forth by the State Board of Elementary and Secondary Education as teachers of exceptional children may be paid an amount equal to their base pay plus ten percent of this base pay, provided, however, that no teacher presently receiving base pay plus ten percent will receive a reduction in pay.”
Suit was filed by plaintiffs seeking an undetermined amount of back pay based upon two errors defendant supposedly made in calculating salary supplement. These errors were alleged to be: (1) defendant’s failure to include in “base pay” that salary portion provided by the local school board instead basing the ten percent salary supplement solely upon the State’s contribution to plaintiffs’ salaries; and (2) defendant’s failure to include a Fifteen Hundred Dollar ($1,500) raise as provided by the 1977 State minimum salary schedule when calculating the ten percent salary supplement.
Defendant filed a motion for summary judgment contending that there were no genuine issues of material fact declaring that the single issue was whether the Jefferson Parish School Board was complying with the provisions of Act 607 of 1977 at the time the suit was filed. According to defendant’s interpretation of the statute, the ten percent salary supplement was no longer mandatory and the only duty placed upon the school board was not to reduce plaintiffs’ pay. As there was no reduction in the actual dollars received by the plaintiff as a result of the passage of Act 607 of 1977, it was defendant’s assertion that the school board was in compliance with that statute.
The trial court, believing the crucial issue raised by defendant’s motion to be solely the interpretation of Act 607 of 1977, granted defendant’s motion and dismissed plaintiffs’ petition. The trial court concluded:
“Thus, it is the conclusion of this Court that Act 607 of the 1977 Legislature relieved local school systems, such as the Jefferson Parish School Board, of the requirement to pay a mandatory ten (10%) percent supplemental salary to teachers of exceptional children except those teachers of exceptional children who were receiving supplemental pay at the time of the effective date of Act 607 of the 1977 Legislature could not suffer a reduction in pay. Since the parties to this suit have so stipulated that the plaintiffs have not suffered any reduction in pay, the Court grants the motion for summary judgment filed herein by the Jefferson Parish School Board.”
Summary judgment is granted only when the pleadings, depositions on file, answers to interrogatories and any affidavits show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C. C.P. art. 966. The party seeking summary judgment shoulders the burden of showing the absence of any materially factual issue; any doubt must be resolved in favor of a trial on the merits. Chaisson v. Domingue, 372 So.2d 1225 (La.1979).
While we do not find error in the trial court’s interpretation of LSA-R.S. 17:427, we do, however, believe that the issues raised by appellants’ petition are factual ones which were not addressed by the trial court. Therefore, summary judgment in this case is inappropriate.
As we believe there exist genuine issues of material facts, i.e., the issues raised by the petition, the judgment appealed from is reversed and the matter is remanded to the trial court for further proceedings consist *1320 ent with the views herein expressed. All costs are to await a final determination of this case.
REVERSED AND REMANDED.