CHEHARDY, Chief Judge.
Plaintiffs are teachers of exceptional children, also known as special education teachers, employed by the Jefferson Parish School Board. They appeal a judgment denying their claim that the School Board has miscalculated on an ongoing basis the amount of a salary supplement they have been paid pursuant to LSA-R.S. 17:427.
Louisiana public school teachers’ salaries are paid partly by State funds (“minimum salary” funds) and partly by local school boards. R.S. 17:427 provides that properly certified special education teachers in public schools may be paid “an amount equal to their base pay plus ten per cent of this base pay.”
Although payment of this salary supplement was mandatory between 1960 and September 9, 1977, some school boards did not pay it. Payment of the supplement became optional on the part of local school boards on September 9, 1977, the effective date of Act 607 of 1977.
Act 607 of 1977 amended R.S. 17:427 to change the words “shall be paid” to “may be paid” (emphasis added). To protect those teachers receiving the supplement, the Legislature added a grandfather clause that stated, “[N]o teacher presently receiving base pay plus ten per cent will receive a reduction in pay.” Acts 1977, No. 607, § 1.
Plaintiffs were receiving the salary supplement prior to September 9, 1977. The School Board was, and is, calculating the ten percent supplement only upon the portion of plaintiffs’ salaries provided by the State, without including local funds. Plaintiffs contend that the State increased the minimum salary funds by $1,500 in 1977, but the School Board failed to increase the ten percent supplement accordingly.
The $1,500 increase to which plaintiffs refer was created by Acts 1977, Extra Session, No. 3, § 2, and took effect on the first day of the 1977-1978 school year. The parties agree that the effective date of Act 3 of 1977, Extra Session — i.e., the first day of the 1977-1978 school year — was prior to September 9, 1977, the effective date of Act 607 of 1977.
Plaintiffs did not file suit until December 19, 1980.* The School Board raised the exception of prescription under LSA-C.C. art. 3538, which sets forth a three-year period within which a teacher may bring an action for salary due. Plaintiffs then admitted their action had prescribed as to moneys due them prior to December 19, 1977, three years before the date they filed suit. A consent judgment was rendered, limiting their claims for back wages to three years prior to the date suit was filed.
Thereafter, the School Board filed a motion for summary judgment, which was granted, and plaintiffs appealed. This Court reversed the summary judgment, ruling there were issues of material fact, and remanded for trial on the merits. Wattigney v. Jefferson Parish School Board, 445 So.2d 1318 (La.App. 5 Cir.1984). After remand, the case was submitted on stipulations of fact and the judgment now before us was rendered.
Dismissing plaintiffs’ suit, the trial court stated, in its reasons for judgment:
“The Court interprets the 1977 Amendment of La.R.S. 17:427 to liberate the local school boards from having to pay the ten (10%) per cent supplement to teachers of exceptional children. * * * As of September 9, 1977, * * * [t]he only *1091 restriction then applicable on school boards was the requirement that no teacher presently receiving the ten (10%) per cent pay would be reduced in pay.”
At the time the $1,500 raise went into effect, the old (mandatory) version of R.S. 17:427 was in effect, but plaintiffs’ supplement was never increased correspondingly. Plaintiffs contend, in essence, that the right to receive an increment in their supplement based on the 1977 raise became vested in them because the raise went into effect before the change in R.S. 17:427.
The School Board contends plaintiffs’ suit would be viable only if they had filed suit between the date the $1,500 increase became effective and the date the payment of the supplement became permissive. The Board asserts plaintiffs have no right to receive a supplement based on the $1,500 increment to their base salaries, because they were not receiving it on September 9, 1977 and because they have not received a reduction in the amount of pay they were receiving on September 9, 1977.
We agree with the conclusion of the district court. The clause does not state that teachers presently receiving the supplement shall continue to receive it; it only says they will not receive a reduction in pay. Because the School Board did not reduce the pay of those teachers who were receiving a supplement on September 9, 1977, the Board has complied with the present version of R.S. 17:427.
We conclude that, at most, plaintiffs would have been entitled to an increase only from the beginning of the 1977-1978 school year until September 9, 1977, when payment of the supplement became discretionary. Since they were not receiving the additional money on that date, their salaries were not reduced by the School Board’s refusal to pay it after that date. Because of the prescriptive problem, however, plaintiffs have lost the right to receive any moneys accruing before December 19,1977. Thus they cannot recover the small amount that would have accrued between the start of the 1977-1978 school year and September 9, 1977.
For the foregoing reasons, the judgment of the district court is affirmed. Appellants are to pay the costs of this appeal.
AFFIRMED.

 Plaintiffs filed suit in the form of a class action. To avoid the problems associated with certifying class actions, the School Board has stipulated it will apply any judgment rendered in plaintiffs’ favor to all special education teachers similarly situated.