JjWALTZER, Judge.
STATEMENT OF THE CASE
On 21 November 1978, plaintiffs, Patricia Phillips and Carrie Swanson, filed suit on their behalf and as representatives of a purported class of all special education teachers who began employment with the Orleans Parish School Board at the beginning of the fall semester of the 1977-78 school year. Plaintiffs claimed entitlement to a ten percent salary supplement enacted by the state legislature in 1977 by amendment to La.R.S. 17:427. By amended petition, plaintiffs defined the class further as those special education teachers who commenced employment between 22 August 1977 and 8 September 1977, dates inclusive, and sought attorney’s fees.
The Board filed a peremptory exception of failure to state a cause of action. The trial court denied the exception on 16 December 1994 whereupon the Board filed its answer. This Court affirmed the trial court’s refusal to certify the class. We held that the class failed to satisfy the numerosity requirement since there were only thirty-two potential plaintiffs, all had been identified, all lived in the same general area and all were members of the same trade union. Phillips v. Orleans Parish School Board, 541 So.2d 226 (La.App. 4 Cir.1989).
|?On 24 March 1997, the parties filed a stipulation of amounts paid by the Board to plaintiffs from the fourth quarter of 1977 through 1996, subject to the Board’s objection that the relief, if any, to which plaintiffs are entitled would be for the period of 22 August through 8 September 1977. On 22 July 1997, the trial court ordered counsel for the parties to submit a judgment in accordance with the Stipulation. The Board filed an opposition to plaintiffs request for legal interest.
According to the judgment rendered on 5 September 1997, the case was heard on 4 September 1996. The court ordered that an alternative writ of mandamus issued in the proceedings on 22 November 1978 but not made a part of the record of this appeal be made peremptory in part, and that the Board be directed to provide a ten percent supplement to the two plaintiffs’ base salaries from 22 August through 8 September 1977.
Plaintiffs appeal the judgment of 5 September 1997 by motion and order for appeal filed in the trial court on 12 November 1997. On 22 January 1999, appellee filed a designation of the record in the trial court; on 15 April 1999 appellants filed on behalf of all parties a designation of the record in the trial court. The record was lodged in this Court on 4 October 1999. On 19 October 1999, the Board answered the appeal.
Because we find no error below, we affirm the trial court judgment.
FIRST AND SECOND ASSIGNMENTS OF ERROR: The trial court erred by making the alternative writ of mandamus peremptory only in part, requiring payment of the ten percent salary supplement for only a sixteen day period rather than for the duration of plaintiffs’ employment.
|,THE BOARD’S ANSWER TO THE APPEAL: That part of the trial court’s judgment granting the request for a writ of mandamus contrary to the law and evidence.
La.R.S. 17:427, as originally enacted in 1960, mandated payment of a ten percent salary supplement to certified teachers of so-called “exceptional” children (now referred to as “special education” teachers). Acts 1977, No. 607, § 1 changed this mandatory supplement to a discretionary supplement and added a grandfather clause providing that no teacher presently receiving base pay plus ten per cent would receive a reduction in pay. See, Official Comment, History and Source of Law, to La.R.S. 17:427. The Act was signed by the governor on 19 July 1977, causing the amendment to become effective sixty days later on 9 September *355 1977. La. Const. Art. Ill, § 19 provided in 1977:
Ail laws shall take effect on the 60th day after final adjournment of the session of which they are enacted, and shall be published prior thereto in the official journal of the state as provided by law....
The parties do not dispute that the law making supplemental pay discretionary became effective on 9 September 1977, shortly after the commencement of the 1977-78 school year in New Orleans.
This case has made its tortured way through the judicial system because of an anomaly: the plaintiffs began their term of employment on 22 August 1977, two weeks before the amendment’s effective date.
Plaintiffs argue that their two week ten-tire prior to the effective date of the amendment entitles them to payment not only of the supplemental pay for that period, but also to supplemental pay indefinitely into the future. It is plaintiffs’ position that when the 1977-78 school year began, the Board was mandated to pay Rthe supplemental salary. Plaintiffs contend that had the Board complied with the pre-amendment law and paid them the supplement when they were hired, it could not have eliminated the supplement subsequently, because this would have constituted a reduction in their salary in violation of the amending statute’s grandfather clause.
The statute has been considered by two Louisiana intermediate appellate courts. In Webster Parish School Board v. Guste, 891 So.2d 913 (La.App. 2 Cir.1980), the Webster Parish School Board sought to have the amending statute declared unconstitutional as a prohibited special or local law. The school board contended that although it had paid its special education teachers the supplemental pay required by the 1960 statute, many school boards, such as those in Bossier,' Bienville, Caddo, Claiborne and Sabine Parishes, chose not to follow the law. Those non-compliant school boards not only were excused from the operation of the 1960 statute, but they were also not subject to the provision of the amending statute prohibiting reduction in pay for their special education teachers, since those boards had never complied with the 1960 statute. In finding the statute constitutional the court held:
The 1977 statute created an entirely different class from that created by the 1960 statute the new class being “teachers of exceptional children receiving base plus ten per cent as their salary”, whereas the old class was all teachers of exceptional children. The 1977 Act is presumed to be constitutional. Appellant, upon whom the burden rests, has failed to show the classification created wás not a reasonable and proper classification. All appellant has shown is that there are some pre-1977 teachers of exceptional children who will not fall into the class because their employers refused to comply with the 1960 Act. Webster Parish School Board v. Guste, supra, 391 So.2d at 916.
| fiLike the special education teachers from the non-compliant parishes in Webster, plaintiffs in the instant case do not belong to the class of teachers protected by the amended statute’s grandfather clause. Applying the reasoning of the second circuit, plaintiffs never received supplemental pay and so are not entitled to claim the benefit of the amendment’s provision that no teacher presently receiving the supplement will suffer a reduction in pay. Simply stated, the grandfather clause protects only those teachers who were actually receiving supplemental pay at the time the amended statute became effective, not those who merely were entitled to receive the supplement.
Of similar import are two decisions arising in Jefferson Parish, Wattigney v. Jefferson Parish School Board, 445 So.2d 1318 (La.App. 5 Cir.1984) and appeal after remand, 504 So.2d 1089 (La.App. 5 Cir. 1987), writ denied, 506 So.2d 113 (La.1987). In the first ease, the appellate court reversed a summary judgment in *356 favor of the school board but agreed with the district court’s conclusion that the amendment relieved local school systems of the supplemental pay requirement except as to those teachers who were, in fact, receiving supplemental pay at the time of the effective date of the amendment. After remand, the Jefferson parish special education teachers appealed the district court judgment denying their claim that the board has miscalculated the amount of their salary supplement. The appellate court held:
Although payment of this salary supplement was mandatory between 1960 and September 9, 1977, some school boards did not pay it. Payment of the supplement became optional on the part of local school boards on September 9, 1977, the effective date of Act 607 of 1977.
Act 607 of 1977 amended R.S. 17:427 to change the words “shall be paid” to “may be paid” (emphasis added). To protect those teachers receiving the | ^supplement, the Legislature added a grandfather clause that stated, “[N]o teacher presently receiving base pay plus ten per cent will receive a reduction in pay.” Acts 1977, No. 607 § 1.
The Wattigney plaintiffs were receiving the supplemental pay prior to 9 September 1977. However, the school board calculated the ten percent supplement only on the state portion of their salaries and did not include in the base salary plaintiffs’ locally paid salary. The plaintiffs received a $1500 increase in the state portion of their salary, effective on the first day of the 1977-78 school year (Acts 1977, Extra Session, No. 3, § 2), but the school board failed to increase the supplement accordingly.
In ruling against plaintiffs, the court held that at the time the $1500 raise went into effect (the first day of the 1977-78 school term), the mandatory version of the supplemental pay statute was in effect; however, since plaintiffs’ supplement was not in fact increased based on the raise, they were not “receiving” the supplement on the $1500 raise when the amendment became effective. The court noted:
The clause does not state that teachers presently receiving the supplement shall continue to receive it; it only says they will not receive a reduction in pay. Because the School Board did not reduce the pay of those teachers who were receiving a supplement on September 9, 1977, the Board has complied with the present version of R.S. 17:427.
We conclude that, at most, plaintiffs would have been entitled to an increase only from the beginning of the 1977-78 school year until September 9, 1977, when payment of the supplement became discretionary. Since they were not receiving the additional money on that date, their salaries were not reduced by the School Board’s refusal to pay it after that date.
|7The court found plaintiffs’ right to recover the increase in the supplement pay from the start of the school year to 9 September because of prescription (plaintiffs had not filed suit until 19 December 1980).
The plaintiffs in the instant case are in a similar position to those in Wattigney. Plaintiffs in the instant case were not “receiving” supplemental pay at the time the amendment became effective. Therefore, they are not entitled to the benefit of the amendment’s grandfather clause. Since the plaintiffs’ claim for supplemental pay from 22 August through 9 September 1977 had not prescribed, the trial court correctly adopted the reasoning of the fifth circuit, and awarded the most to which plaintiffs were entitled, that is, supplemental pay for that specific period.
These assignments of error and the Board’s answer to the appeal are, therefore, without merit.
THIRD ASSIGNMENT OF ERROR: The trial court erred by failing to require that the Board pay legal interest from the date of judicial demand.
Plaintiffs failed to provide any authority supporting their contention that *357 in this mandamus case they are entitled to interest on their unpaid supplemental pay. They rely on La. C.C. art. 2000 which provides that where the object of performance 'is a sum of money legal interest is allowed on the sum from the time it is due. This provision is contained in that portion of the Civil Code concerning “Effects of Conventional Obligations.” Plaintiffs did not sue to enforce a conventional obligation; they filed a petition for a writ of mandamus. A writ of mandamus seeks to require an official to perform a ministerial function. The jurisprudence demonstrates clearly that interest is not exigible in such cases.
| ^Interest was not awarded in the following illustrative cases: State ex rel. Penny v. Rapides Parish School Bd., 1 So.2d 334 (La.App. 2 Cir.1941), mandamus to compel teacher’s employment and salary payment; State ex rel. Gray v. City of Alexandria, 12 So.2d 25 (La.App. 2 Cir.1943), mandamus to require payment of police chiefs salary during illegal suspension; State ex rel. Nunez v. Baynard, 15 So.2d 649 (La.App. 1 Cir.1943), mandamus requiring State Auditor and Treasurer to honor warrant for assistant district attorney’s salary; State ex rel. Richardson v. Board of Trustees, Teachers’ Retirement System, 29 So.2d 489 (La.App. 1 Cir.1947), compelling board to recognize teacher’s status and pay past due amounts; State ex rel. Boucher v. Heard, 232 La. 499, 94 So.2d 451 (1957), compelling payment of back pay to illegally dismissed civil service employees; State ex rel. Saint v. Toups, 95 So.2d 55 (La.App. 1 Cir.1957), compelling statutory salary increase payment to a city judge; Hays v. Louisiana Wild Life and Fisheries Commission, 153 So.2d 562 (La.App. 3 Cir.), writ refused 244 La. 902, 154 So.2d 769 (1963), compelling wildlife ranger’s reinstatement and back pay; Lambert v. LaBruyere, 154 So.2d 466 (La.App. 4 Cir.1963), mandamus requiring director of Finance Department to pay contractor amount due under parish contract.
Plaintiffs’ claim for interest is also without merit under La.C.C.P. art. 1921, which provides for interest “as prayed for or as provided by law.” Plaintiffs did not seek interest in their original petition, in their amending petition or in their show cause order. Neither is this a tort case, for which interest is provided by law. See, Official Revision Comment, which provides:
(a) This article retains the requirement of Art. 553, Code of Practice of 1870, to the effect that interest may be awarded by the judgment only if prayed for. The|9phrase “as provided by law” will cover the exception in the case of tort claims, since in these cases interest attaches automatically, without being prayed for (citations omitted).
See, Johnson v. Southern University, 551 So.2d 1348 (LaApp. 1 Cir.1988), writ denied 553 So.2d 475 (La.1989), on rehearing, where a state university employee was held not to be entitled to interest on back wages absent a prayer for interest; Hamberlin v. Tangipahoa Parish School Board, 210 La. 483, 27 So.2d 307 (1946), where the supreme Court on rehearing denied interest on an illegally discharged teacher’s unpaid salary.
It is therefore clear that under the applicable provisions of the Civil Code, the Code of Civil Procedure and Louisiana jurisprudence, the trial court did not err when it failed to award legal interest to plaintiffs. This assignment of error is without merit.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed against appellants.
AFFIRMED.